UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DARREN PAUL ODELL, | Case No. 19-CV-3195 (NEB/HB) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

This is a habeas action brought under 28 U.S.C. § 2254 by petitioner Darren Paul Odell. (ECF No. 1.) The March 16, 2020, Report and Recommendation of United States Magistrate Judge Hildy Bowbeer recommends denying Odell's petition. (ECF No. 8 ("R&R").) Odell timely filed objections to the R&R. (ECF No. 9.) The Court has conducted a *de novo* review of the portions of the R&R to which Odell objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2. Based on that review, the Court accepts the R&R.

## ANALYSIS

The R&R and Minnesota Supreme Court opinion thoroughly explain the facts and procedural posture of this case. (*See* R&R at 1–3; *Odell v. State*, 931 N.W.2d 103, 105 (Minn. 2019).) The Court will discuss the underlying facts as necessary below.

A federal court is bound by laws governing habeas to "exercise only limited and deferential review of underlying state court decisions." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004). The state court must have adjudicated the decision on the merits. 28

U.S.C. § 2254(d). This Court will not grant relief unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

A state court decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* Finally, a state court decision involves "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), only if it is shown that the record does not support the state court's presumptively correct factual findings. 28 U.S.C. § 2254(e)(1); *see Boyd v. Minnesota,* 274 F.3d 497, 501 n.4 (8th Cir. 2001) ("There is sufficient record evidence to support such a finding and, thus, it would not constitute an unreasonable determination of the facts in light of the evidence presented at trial.").

I.  **Newly Discovered Evidence**

Ground One of Odell's petition is based on a 2016 letter published in *Letters Across the Nation* that criticized Dr. Michael G. Farnsworth. Farnsworth testified at Odell's trial that Odell did not qualify as mentally ill under the *M'Naughten* rule. The published letter was written by one of Farnsworth's civilly committed patients and "expressed the patient's opinion of—and dissatisfaction with" him. *Odell*, 931 N.W.2d at 107.

The R&R found that Odell's claim regarding the allegedly newly discovered evidence was untimely under 28 U.S.C. § 2244(d)(1). Odell states that he learned of the letter in summer 2016, yet he did not file his postconviction-relief petition until September 2018. He concedes that he filed outside of the one-year time limit but argues that such a limit is an "unrealistic expectation" and contends that the letter needs to be "taken seriously by different peoples." [ECF No. 9 at 2, 3.] The Court is not free to disregard the statutory limitations period, and thus agrees with the R&R that Odell's claim is untimely.

"Like Ground One, Ground Two points to certain historical materials and claims that they undermine conclusions that the trial court reached about Odell's mental condition." (R&R at 8.) The R&R determined that Ground Two was procedurally defaulted under 28 U.S.C. § 2254(b)(1)(A). Odell contends that the R&R's finding that the claim was not preserved for federal review is incorrect because he included federal case law in his memorandum to the Minnesota District Court. However, he did not pursue this claim on appeal to the Minnesota Supreme Court. (*See Odell*, 931 N.W. 2d at 103.) The

R&R thus correctly found that he failed to exhaust his claim, and his objection is overruled.

## II.  Ineffective Assistance

Ground Three raises an ineffective-assistance-of-counsel claim, which the R&R found to be without merit. Odell's objection is not directly responsive to the R&R. He argues that his trial counsel provided ineffective assistance, contending that his counsel should have argued that he was mentally incompetent under *Pate v. Robinson*, 383 U.S. 375 (1966). He further maintains the seemingly inconsistent argument that he was disadvantaged by his attorney not allowing him to assist in his defense.[1] (ECF No. 9 at 3.) Odell presents no reason as to why the R&R's determination on Ground Three was clearly erroneous or why his ineffective-assistance-of-counsel claim should survive under *Strickland v. Washington*, 466 U.S. 668, 701 (1984). Thus, this objection to the R&R likewise fails.

Odell does not object to any other aspect of the R&R. When a party fails to specifically object to the R&R, the Court's task is to determine whether the R&R is clearly erroneous or contrary to law. *See* Fed. R. Crim. P. 59; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed those portions of the R&R to which Odell has not objected, the Court finds no clear error.

---

[1] The Court notes that it has endeavored to liberally construe Odell's objection on this point, although the objection is less than clear. *See Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014).

### III. Certificate of Appealability

The R&R recommended that this Court not grant Odell a certificate of appealability ("COA"). (R&R at 15–16.) To receive a COA in a habeas petition under § 2254, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Odell has not made such a showing. Therefore, Court denies Odell a COA in this case.

## CONCLUSION

Based on all the files, records, and proceedings herein, the Court OVERRULES Odell's objections (ECF No. 9) and ACCEPTS the R&R (ECF No. 8). Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's habeas corpus petition under 28 U.S.C. § 2254 (ECF No. 1) is DENIED;

2. This action is DISMISSED WITH PREJUDICE; and

3. No certificate of appealability is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 26, 2020

BY THE COURT:

s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge